Ewing, C. J.
This action is in trespass quare clausum, fregit, and the plaintiffs declare for breaking and entering their close, *lying on the north side of Pole-Brook, in the township of Upper-Freehold, in the county of Monmouth, and cutting down and taking away twelve trees.
The defendants plead that the close in the declaration mentioned, was their soil and freehold, wherefore they entered and were possessed and cut down the said trees there growing, as they had a lawful right to do. The plaintiffs reply, that the close was their freehold and not the freehold of the defendants.
The defendants having given evidence of their possession of a house and lot of land in the township of Upper-Freehold for six or seven years prior to the trial, and from one to two years before the alleged time of the trespass, insisted they had maintained the issue on their part, and were entitled to a verdict in their favor, for that by an ancient rule in the action of trespass, where the declaration is gen *412 eral without giving' the name or the abuttals of the close, and the defendant pleads that the .close is his soil and freehold, the defendant, unless there be -a new assignment, must have a verdict in his favor, if he prove title to any land in the same township, although avowedly not the premises where the trespass was committed. A verdict was, however, rendered for the plaintiffs, which the defendants now say ought, on the same ground, to be set aside and a new trial granted.
This ancient rule does not appear to rest on very satisfactory grounds, even when explained and enforced by the learning and ingenuity of the eminent Judge Willes, as is done in Lambert v. Strother, Willes Rep. 218. The rule as understood by the court in Dyer 23, b, seems to me more reasonable. “ If the declaration is general and the defendant in his plea gives a name to the place where the trespass was done and avers the place to have been his freehold, the plaintiff is obliged to new assign the trespass, and not otherwise.” In this way Blackstone, J. in Martin v. Kesterton, 2 Wm. Bl. 1089, stated- the ancient rule ; although it is true that, in general, the rule is not supposed to require a specification of the name or abuttals in the defendant’s plea, or common bar as it is sometimes called. 1 Saund. 299, n. It is, however, in my opinion, unnecessary to enquire farther respecting the ancient rule, for whatever it may have been, our statute furnishes, .1 think, the guide for the present cause.
*To an action of trespass quare elausum fregit, instituted before a justice of the peace, the defendant may plead title, but according to the exigency of the statute it is title to' the premises on which the alleged trespass was committed. It is title to real estate on which he has entered. It is to be pleaded as a justification, and of necessity therefore must apply to the very act of trespass or it could not be a justification. The legislature ought not to be supposed to have allowed him to rely oil his title to *413 one close as justification for his entry on another. The plea is made by the statute conclusive evidence that the defendant relied on his title by way of justification. And he is so concluded by this plea, that he is not permitted in the consequent action which may be instituted in this court, to set up any other defence. It has repeatedly been so decided ; and where the plaintiff has declared in the same manner as before the justice, any other plea, has been uniformly deemed inadmissible. Now this course of practice, established by the provision of the statute, appears to me to abrogate in these cases the ancient rule respecting the new assignment. A new assignment must comport with the complaint made in the declaration and consists in a statement of the injury for which the plaintiff meant to declare, with more particularity and certainty. To such new assignment, if made, as it ought to bo, within the scope of the declaration or state of demand, or in other words, for the same gravamen, the defendant can only repeat his plea of title, and is not permitted to depart from it and interpose the general issue or any other special plea. To what purpose then should a new assignment and another special plea similar to the first, be permitted or required ? The ground of defence is not changed or enlarged, and very little profit or aid in preparation for trial can result to the defendant, since the proof he is to make, is, to sustain his title according to his plea. If knowing, as he may be supposed to do, the place where ho has done the act alleged to be a trespass, he has pleaded a false plea, there is little cause for regret, if he is held to the consequences.
It was said on the argument at the bar, that if the ancient rule is not preserved, the defendant may be subjected to great prejudice and surprise, for the plaintiff may not really go for an injury to the same land as the defendant, may have supposed *and to which he may have title. I do not anticipate such difficulty. The defendant may, in his plea of title, when the state of demand is in general *414 terms, specified by name or abuttal or other apt description, the close on which he admits he entered and did the act complained of, and to which he alleges he has title. When this is done, the plaintiff must either accept the plea and bond and prosecute his action in this court where a similar plea may be used, or he may become more specific in his demand, by a new assignment, if that practice is admissible in the justice’s court, or he will be compelled to resort to a new action there in order, in a new state of demand, to describe the close with due precision, which is unquestionably the most eligible and judicious mode of pleading.
It was insisted on the argument, that the suit in this court is not connected with the suit before the justice ; and Thompson v. Burdsal, 1 South. 171, was cited to prove it. To certain purposes it may be so. Thus in that case, it was held, that between the action of debt for penalties in cutting timber and the action of trespass here, there' is not such an union as to make the amount of the penalties the measure of the damages to be recovered. But in respect to the subject of title now in question, there is an intimate connection, for by force of the suit before the justice and his plea there, the defendant is permitted to set up here no other defence than title.
The direction given by the judge on the trial appears to me to have. been accordant with our statute, and I find therefore no reason to disturb the verdict.
Drake, J. In this case, the plaintiffs declared, that on the 12th day of January, 1824, the defendants broke their close, lying on the north side of Pole Brook, in the township of Upper Freehold, &c., and cut twelve trees, &c. The defendants pleaded that the said close was their soil and freehold. And issue was taken thereon.
Upon the trial of the cause, at the Monmouth Circuit, the defendants gave some evidence of an exclusive possession of a small lot of land lying on the north side of Pole Brook, in the township of Upper Freehold aforesaid. And the *415 plaintiffs gave evidence of title and possession in a distinct lot, near by, and similarly situated with reference to Pole Brook, and the *towuship; and that William Pullen, one of the defendants, had acknowledged that he and his brother had cut on the same. ’ Upon this state of facts, the defendants insisted upon a verdict. And it appears not to have been denied that they were entitled to it upon the ordinary principles of pleading and evidence in the action of trespass quare daus-um fregit. But the counsel for the plaintiffs contended that this cause having originated in the court for the trial of small causes, where a similar declaration and plea had been filed, it was not in their power, in this court, to depart from their ^ original demand, even so far as to make a new assignment; and that, therefore, in the prosecution of these actions of trespass, originating in the justice’s courts, the settled principle, above alluded to, must yield ; and that, under the general description in the declaration, the plaintiffs must have power to select the place to which the evidence shall be confined. The judge, at the circuit, reserved the point. And the plaintiffs having given evidence of title and possession, in a certain lot falling within the general description, and the defendants having given no evidence of title or possession in that identical lot, the plaintiffs recovered the verdict, which the defendants now move to set aside.
In Chitty on Pleading, 605, it is laid down, that • “ in trespass to real property, if the declaration does not state the name or abuttals of the close, &c., with such precision as to avoid the possibility of the defendant’s having a close, Ac., in the same parish, of a similar description, and the defendant has pleaded liberum tenementum, without describing the close, the plaintiff should new assign, and not take issue on the plea, for if he were, he would fail upon the trial, if the defendant could show that any close in the parish or place stated in the declaration was his freehold.” And see 10 East 80; 11 do. 51; 3 Starkie, 1465.
*416 Against the application of this general principle to cases like the present, it is argued that the suit being instituted in this court to try the same matter with that which was commenced before the justice, the same issue should be formed here; that if the plaintiffs should new assign, they would lose the benefit of their bond for costs; and that such new assignment would only prejudice the defendants, for they would not even then be permitted *to plead any other plea, but would still be confined to the plea of title. I consider it unnecessary to decide whether or not, upon an action thus commenced, the 'plaintiff has power to new assign in this court; or whether, if he do, the defendant may not put in another plea besides that of title; (upon which point, however, I would refer to the case of Snedeker v. White, 6 Halsted, 88;) or whether, if the plaintiff find it necessary to new assign, he can have any benefit of the bond given below for security for costs. Rut I shall consider this case as it is, and the questions which it necessarily presents.
The pleadings are so general, that they will apply to-either tract. The issue is taken upon the defendant’s plea, and they verify it by evidence. How can they be involved in damages, if they have pleaded a good plea, and verified it in fact ? Upon general principles they cannot; and I see-no necessity for changing the rule to accomodate this new class of cases ; or rather, to accommodate plaintiffs in them, at the expense of the defendants. It is the plaintiff’s-business, before he goes to trial, to give to the issue the-proper degree of certainty ? And if he cannot do it in' this court, or cannot do it without endangering his security for costs, still he is not remediless. There can be no doubt that the legislature contemplated that the proceedings in the Supreme Court would be upon the same issue as in the court below. They did not intend that the cause should be removed to a higher court, and ultimately tried there at a great expense, upon an issue which might have been tried in the justice’s court; but authorized the removal for the sole *417 purpose of trying the title. This indicates very strongly the propriety of perfecting the pleadings so that the loeus in quo is sufficiently ascertained, before the cause is removed. And there is great convenience in this, not only that the immediate parties to the suit may go into a higher court with full knowledge of the points in controversy; but also, that the sureties in the bond may have an opportunity of judging of the responsibilities which they incur. But how shall the requisite certainty be given to the issue ? If a new assignment is to be made any where, the above reasoning would favor its being done in the court below, rather than in this court. But I am aware that there would be some inconvenience in this. And there is a more easy course for plaintiffs *to pursue. It is, to specify the close particularly, in the first instance, in their declaration, whenever they have reason to apprehend that the defendant has a freehold in the same township. This was the English practice when our act, out of which these proceedings have grown, was passed. In the case of Martin v. Kesterton, 2 Wm. Bl. 1089, it was doubted by the court, whether a general declaration was not bad, upon demurrer. And it is laid down in 1 Saunders’ Rep. 299, c. that “if is now-the usual w ay in all the courts at Westminster, and particularly in the Common Pleas, to ascertain the place in the declaration. In which case the defendant is bound to answer that place, and cannot plead the common bar.” And it evidently must be done in the declaration, if anywhere, in proceedings under the timber act, for no plea is there necessary.
Upon the whole case, I am of opinion that the rule to show cause should be made absolute.
Ford, J., concurred.
Rule to show cause made absolute.